## Jacobs v. Kaprie, Inc.

G. *William Jacobs*, p.p.
*Edmund Jones*, for defendants.

DEFURIA, J., October 23, 1970.—Plaintiff, G. William Jacobs, represents himself pro se, and the other plaintiff, Lillian E. Jacobs, under some theory of agency arising from coverture. His various motions, requests, objections, filed whenever the creative or combative spirit possessed him, have occupied the attentions, at various times, of four judges of our court.

On March 20, 1970, this court, after argument, filed an opinion sustaining the preliminary objections of Edmund Jones, a named defendant, and dismissing the complaint as to him. Unfortunately, the confused record, plaintiffs having filed at least three motions after being served with the preliminary objections, did not permit consideration of the present issues which are raised by preliminary objections of the remaining defendants.

Inartistic as plaintiffs' complaint in mandamus may be, it does aver that:

1. Lillian E. Jacobs is a shareholder of Kaprie, Inc.

2. G. William Jacobs is a duly elected director of Kaprie, Inc.

3. Kaprie, Inc., is a Pennsylvania corporation with a registered office at 515 Holmes Road, Morton.

4. Defendant, Scott, is secretary of the corporation.

5. Defendant, Cloak, is president, de facto. We note that the "de facto" notation appears to express an opinion but does not otherwise affect Mr. Cloak's position. We are satisfied to forego any explanation.

6. Defendant, Haines, is treasurer, de facto.

7. A demand on behalf of the shareholder-plaintiff to inspect books of the corporation was made by certified mail upon the secretary.

8. The demand was in conformity as to form under section 308 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended.

9. Defendants have not allowed the director-plaintiff access to records of the corporation, under sections 308, 401, 408 of the Business Corporation Law.

10. Such inspection would be made in "good faith" and would be "proper," as required by the Business Corporation Law.

Defendants' preliminary objections admit all well pleaded facts. Defendants did permit an inspection of the corporate share, transfer and minute books, but refuse to permit an inspection of other records, such as account books.

Defendants, infected no doubt by plaintiffs' zeal, refuse because (1) the complaint does not aver compliance with the Business Corporation Law of July 20, 1968, no. 216, sec. 11, 15 PS §1308; and (2) since plaintiffs have inspected books and records, if they want more they must establish compliance with the Business Corporation Law in the manner and form required.

However, the requirements of the Business Corporation Law as to form and manner apply only to a shareholder, and plaintiffs have averred such compliance under the very section raised by the defendants. True, plaintiffs have not attached a copy of the notice to the complaint as an exhibit, nor have they set forth the terms of their request. But the present complaint is a notice and it covers every requirement of the law.

Defendants lump allegations of a shareholder's requirements with those of a director, but nowhere

claim that a director must follow the procedure of a shareholder to inspect books and records.

A director, as a fiduciary of the corporation, with the duty to inform himself of the condition and operations of the company, has a right to inspect all books and records of the corporation. Such right follows even if the director, in the eyes of some, is undesirable, provided he properly and reasonably conducts his inspection.

The effect of the defendants' preliminary objections is to admit that plaintiff, Lillian Jacobs, is a shareholder, and plaintiff, G. William Jacobs, is a duly elected director; that plaintiffs have requested the opportunity to inspect books and records of the corporation, for proper purposes and at reasonable times.

Therefore, it appears that plaintiffs' complaint is valid. A dismissal of the preliminary objections must follow, but the complaint would remain of record, and plaintiffs, in effect, would obtain no relief until a hearing is held in the mandamus action. No good purpose would be served by so proceeding and untold motions are apprehended.

The Business Corporation Law provides:

"If the corporation. . . . refuses to permit an inspection . . . , the shareholder may apply to the court of common pleas . . . for an order to compel such inspection. . . ."

Said court has exclusive jurisdiction to determine whether or not the person seeking inspection is entitled thereto: 15 PS §1308 C. The court may summarily order such inspection.

Wherefore, we make the following

## ORDER

And now October, 23, 1970,

1. The preliminary objections of defendants are dismissed.

2. Plaintiffs, or either of them, are entitled to (a) inspect the share register, books, records, accounts, and records of shareholders' and directors' proceedings, and (b) to make extracts therefrom.

3. That such inspection or inspections shall be made during regular business hours from 9 a.m. to 12 a.m., and from 2 p.m. to 5 p.m.

4. Upon 24 hours written notice to the Secretary of Kaprie, Inc.

5. Under the attendance and in the presence of an officer of Kaprie, Inc., for the protection of said books and records.